## ROBERT RUSSELL

### v.

## EDWARD DEER.

MALICIOUS PROSECUTION—PROBABLE CAUSE.—In this action want of probable cause and malice must concur, and where the evidence shows that the defendant acted with the utmost good faith and under the advice of those in authority to whom he applied, and no malice is shown, this action cannot be sustained.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed September 17, 1880.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellant; cited Beckwith v. Been, 98 U. S. 266; Harpham v. Whitney, 77 Ill. 32; Jenks v. Simpson, 13 Ill. 702; 2 Greenl. Ev. § 453; 1 Hilliard on Torts, 514.

Messrs. BROWN, KIRBY & RUSSELL, for appellee.

DAVIS, J. This was an action on the case for malicious prosecution. Appellee recovered a judgment for $25, to reverse which appellant appealed.

It appears from the record that appellant, on going into his cellar one Sunday morning, found that a jar of butter, some eggs and other groceries which had been placed there had been stolen. On examination he discovered a track at the gate in

front of his house, leading in the direction of Deer's house which was on the opposite side of the street, and 159 feet north of his house. He followed it in the middle of the street, and found a cloth with salt upon it, similar to the one used in his cellar, and could not follow the track further. On the next Monday morning he applied to the city marshal and stated the facts to him and his suspicions of Deer. The marshal told him to get a search warrant; that he had had the house watched before that time, and that complaints had been repeatedly made to him about Deer.

Appellant had information from a number of persons in the neighborhood as to Deer's character, and he believed him guilty from the circumstances and from what he had heard. After advising with the marshal, he applied to H. O. Cassell, an attorney-at-law, who was acting for the county attorney, and stated the case to him. He wrote the affidavit upon which a search warrant was issued by a magistrate and placed in the hands of an officer, and the house of appellee searched. None of the stolen property was found upon the premises, and the warrant was returned. This suit was then commenced.

The case appears to be wholly without merit. From the beginning to the end of the proceeding appellant acted with the utmost good faith, and under the advice of those in authority to whom he applied, and the evidence shows satisfactorily that there was an entire absence of any malice on his part towards appellee. Want of probable cause and malice must concur to sustain the action for malicious prosecution. Malice having been disproved, the action must fail.

Judgment reversed.